**KOLLER LAW LLC**                                                                                                     *Counsel for Plaintiff*
David M. Koller, Esq. (90119)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CATHERINE JACKSON,** | : | **Civil Action No.** 1:22-cv-167 |
| 10086 Route 86 | : | |
| Tionesta, PA 16353 | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| **TAYLOR DIVERSION PROGRAMS, INC.,** | : | |
| 106 Highland Street | : | |
| Tionesta, PA 16353 | : | |
| Defendant. | : | |

**CIVIL ACTION**

Plaintiff, Catherine Jackson (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Taylor Diversion Programs, Inc. (hereinafter "Defendant"), for violations of Section 1981 and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Taylor Diversion Programs, Inc. is a youth and family focused support program with a location and corporate headquarters at 106 Highland Street, Tionesta, PA 16353.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Western District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because some of the Plaintiff is domiciled in this judicial district, the Defendants is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under Title VII and PHRA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging race, color and gender discrimination against Defendant.

14. The Complaint was assigned a Charge Number 533-2020-00877 and was dual filed with the Pennsylvania Human Relations Commission.

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated December 10, 2020. Plaintiff received the notice by mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within two (2) years of her receipt of her Right to Sue in this matter.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

### MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff is an African-American female.

21. On or around April 14, 2019, Defendant hired Plaintiff in the position of Youth Mentor.

22. Plaintiff was well qualified for her position and performed well.

23. During her employment, Plaintiff was the only African American female and the only darker-skinned female employed at this location.

24. As a Youth Mentor, Plaintiff's job responsibilities included supervising youth residents.

25. Although Defendant did not issue work cell phones, as Youth Mentors were required to use personal cell phones to communicate with Supervisors and other Youth Mentors during their shift.

26. In early July 2019, Mike Cummings, Owner, stated to Plaintiff, "I'm surprised you work."

27. Plaintiff was offended by this comment and interpreted it to be a derogatory, stereotypical reference to her race and color.

28. Towards the end of July 2019, a youth resident took Plaintiff's personal cell phone without permission.

29. The youth was unable to use Plaintiff's personal cell phone because it was encrypted with a retina security scan.

30. In a fit of rage, the youth then threw Plaintiff's personal cell phone into the river.

31. On July 28, 2019, Plaintiff was assisting a youth resident clean out the refrigerator.

32. While cleaning the refrigerator, Plaintiff placed her personal cell phone down.

33. Someone again took Plaintiff's personal cell phone and this time, placed it in the toilet tank.

34. On July 29, 2019, Corey Jacoby (Caucasian, male), Operations Manager, informed Plaintiff that he was suspended indefinitely while Defendant conducted an investigation into her personal cell phone going missing on two (2) occasions.

35. Upon information and belief, no investigation was conducted.

36. On August 1, 2019, Defendant requested that Plaintiff report to work for an in-person meeting.

37. Plaintiff met with Mr. Jacoby and Fred Lawrence (Caucasian, male).

38. During this meeting, Mr. Jacoby and Mr. Lawrence informed Plaintiff that her employment was terminated for having her personal cell phone out.

39. Defendant, however, has not disciplined or terminated Caucasian and/or male employees who had their personal cell phones out; who lost their personal cell phones during work; or who let youth residents use their personal cell phones during work.

40. By way of example, Brett Bargerstock (Caucasian, male) lost his personal cell phone during his shift while at work.

41. Defendant did not discipline or terminate Mr. Bargerstock for this incident.

42. In addition, James "Justin" Buchanan (Caucasian, male) lost his personal cell phone and the keys to his truck during his shift while at work.

43. Defendant did not discipline or terminate Mr. Buchanan for these incidents.

44. Moreover, Wesley Paxton (Caucasian, male) routinely lets youth residents hold his personal cell phone and take photographs with his personal cell phone.

45. Defendant did not discipline or terminate Mr. Paxton for these incidents.

46. In addition, on February 22, 2022, Nadia Magnatini posted a picture of herself and a youth resident together on her Snapchat.

47. Upon information and belief, however, Defendant did not discipline or terminate Ms. Magnatini for this.

48. It is Plaintiff's position that she was discriminated against due to her race and retaliated against in violation of Title VII and the PHRA.

### COUNT I – RACE AND COLOR DISCRIMINATION
### SECTION 1981

49. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

50. Plaintiff is African American.

51. Plaintiff was well qualified to perform the job for which she was hired.

52. Plaintiff suffered adverse job actions, including, but not limited to termination.

53. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

54. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

55. Defendant discriminated against Plaintiff on the basis of race.

56. No legitimate, non-discriminatory reasons exist for the above cited adverse employment action that Plaintiff suffered.

57. The reasons cited by Defendant for the above cited adverse employment action that Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT II – RACE DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

58. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

59. The foregoing conduct by Defendants constitutes unlawful discrimination against Plaintiff on the basis of her race (African American).

60. As a result of Defendants' unlawful race discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT III – COLOR DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

61. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

62. The foregoing conduct by Defendants constitutes unlawful discrimination against Plaintiff on the basis of her color.

63. As a result of Defendants' unlawful color discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT IV – GENDER DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

64. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

65. Plaintiff is a member of protected classes in that she is female.

66. Plaintiff was qualified to perform the job.

67. Similarly situated persons outside of Plaintiff's protected classes were treated more favorably than Plaintiff.

68. Circumstances exist related to the above cited employment actions that give rise to an inference of discrimination.

69. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

70. The reasons cited by Defendant for the adverse employment actions that Plaintiff suffered are pretext for discrimination.

71. Defendant terminated Plaintiff.

72. As a result of Defendant's unlawful gender discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Catherine Jackson, requests that the Court grant her the following relief against Defendants:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendants, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the Section 1981 and the PHRA.

(j) Order Defendants to institute and implement, and for its employees, to attend and/or

otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendants to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: June 2, 2022         **By:**   */s/ David M. Koller*
                                     David M. Koller, Esquire
                                     2043 Locust Street, Suite 1B
                                     Philadelphia, PA 19103
                                     215-545-8917
                                     davidk@kollerlawfirm.com

                                     *Counsel for Plaintiff*